IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY PATRICK EMMETT, II,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:08-CV-2219-B<br>) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.    Procedural Background**

Petitioner challenges his five convictions from Dallas County, Texas for: (1) unlawful possession of a prohibited weapon, namely, a machine gun, in cause number F-05-35437; (2) evading arrest-detention using a vehicle, in cause number F-05-35438; (3) possession of a controlled substance, specifically, methamphetamine, in cause number F-05-48471; (4) unlawful possession of a firearm by a felon, in cause number F-05-48472; and (5) aggravated assault on a public servant, in cause number F-05-35473. On July 21, 2006, Petitioner pled guilty to the charges. The court sentenced Petitioner to forty years for the aggravated assault of a public servant conviction, and ten years for each of the remaining four convictions, to run concurrently. On May 9, 2007, the Fifth District Court of Appeals affirmed the conviction and sentences.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

*Emmett v. State*, Nos. 05-06-01098-CR, 05-06-01099-CR, 05-06-01100-CR, 05-06-01101-CR, 05-06-01102-CR (Tex. App. – Dallas May 9, 2007, no pet.). Petitioner did not file a petition for discretionary review.

On May 20, 2008, Petitioner filed five separate state habeas petitions. *Ex parte Emmett*, No. 70,947-01-05. On November 26, 2008, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

On December 15, 2008, Petitioner filed the instant petition. He argues:

1. At the time of his guilty plea, Petitioner was incompetent due to excessive doses of Thorazine administered to Petitioner while he was incarcerated;

2. The trial court erred in accepting Petitioner's guilty plea because at the time of his plea there was evidence of his incompetence;

3. Petitioner's guilty plea was not knowingly and voluntarily entered because Petitioner was not competent due to excessive doses of the drug Thorazine;

4. Petitioner received ineffective assistance of counsel because counsel:

    (a) failed to advise the court that Petitioner was incompetent, and failed to move to withdraw Petitioner's guilty plea;

    (b) failed to file a motion to suppress evidence discovered in the January 19, 2005, traffic stop and the July 8, 2005, traffic stop;

    (c) failed to investigate and pursue possible defenses to the charges;

    (d) entered into evidence a report by Dr. Lisa Clayton that was erroneous and was entered without Petitioner's consent; and

(e) conceded that time in the penitentiary was appropriate rather than a sentence of probation with drug rehabilitation.

## II. Factual Background

On January 19, 2005, Petitioner was arrested by Dallas police officers after a traffic stop. A search of Petitioner's vehicle revealed methamphetamine and a handgun. Petitioner was charged with possession of methamphetamine, in an amount of more than one gram and less than four grams, and unlawful possession of a firearm by a previously convicted felon. Petitioner was released on bail.

On July 8, 2005, while Petitioner was out of jail on bond, an Irving police officer conducted a traffic stop on Petitioner's vehicle. When the police officer exited his vehicle to approach Petitioner's car, Petitioner drove away. When the police officer pursued Petitioner, Petitioner leaned out his car window and fired a machine gun at the officer. Officers stopped Petitioner's car by using spikes. Once stopped, Petitioner surrendered to officers. From Petitioner's vehicle, officers recovered a Tech 9 machine gun, two flash suppressors, magazines, clips and ammunition for the machine gun, a digital drug scale and pipe, and a prescription pill bottle.

## III. Discussion

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.  Competency**

The conviction of a legally incompetent defendant violates constitutional due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000). The test for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United*

*States*, 362 U.S. 402, 402 (1960) (per curiam); *see also, Godinez v. Moran*, 509 U.S. 389, 398-99 (1993). Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

Petitioner states that while incarcerated awaiting trial, medical personnel diagnosed him as paranoid schizophrenic and prescribed Thorazine. Petitioner claims he was given 600 grams of Thorazine on the day he entered his plea. He states this drug made him "out of it" and rendered him incompetent. At the plea hearing, Petitioner also submitted a letter from Doctor Charles Kasbarian who stated he has been Petitioner's doctor since Petitioner was seventeen years old. (Plea Hr'g Defense Ex. 2). Doctor Kasbarian stated that Petitioner has "significant psychiatric illness" with the "exact diagnosis [ ] still uncertain, yet a degree of Bipolar disorder, possible psychosis, and certainly depression . . . ." (*Id.*) On state habeas review Petitioner also submitted affidavits from family members who stated Petitioner was not competent on the day of his plea because he was over-medicated and "zombie-like." (*Ex parte Emmett*, No. 70,947 05 at 48-57.)

On state habeas review, defense counsel submitted an affidavit responding to Petitioner's claim of incompetency. Defense counsel stated Petitioner was able to assist counsel in the case and the presentation of evidence and that he believed Petitioner was competent. (*Id.* at 80.) Defense counsel also stated that on May 25, 2006, Petitioner received a psychiatric evaluation by Doctor Lisa Clayton, who was retained by Petitioner's family. (*Id.* at 81.) Doctor Clayton concluded that Petitioner was competent and was able to assist in his defense. (*Id.*; *see also* Plea Hr'g Defense Ex. 4.) The transcripts of the plea hearing also show that Petitioner was

responsive to questioning, was coherent in discussing his past experiences with drugs, criminal charges and treatment facilities, and articulated his request for drug treatment from the court. (Plea Hr'g at 48-63.) Petitioner has failed to show the state court's finding of competency was unreasonable.

3. **Guilty Plea**

Petitioner argues his guilty pleas were involuntary. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed judicial confessions and stipulations of evidence in each case stating that he was guilty of all charges. (Plea Hr'g Exs 1-2.) Additionally, Petitioner testified at the plea hearing that he understood all charges against him and the range of punishment for each charge. (Plea Hr'g at 6-9.) He testified that he reviewed the paperwork and the court's admonishments with his attorney. (*Id*. at 7.) Petitioner stated no one threatened him or forced him to plead guilty and that he was pleading guilty voluntarily. (*Id*. at 8.) Petitioner has failed to show that his guilty pleas were involuntary.

4. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)    Mental Incompetency**

Petitioner argues his counsel was ineffective because he failed to advise the court that Petitioner was mentally incompetent, and he failed to file a motion to withdraw Petitioner's guilty pleas based on mental incompetence. As discussed above, Petitioner has failed to show he

was mentally incompetent at the time of his guilty pleas. He has therefore failed to show his counsel was ineffective regarding these claims.

**(B)    Motion to Suppress/Possible Defenses**

Petitioner argues his counsel was ineffective for failing to file motions to suppress evidence discovered during the two traffic stops, and for failing to raise possible defenses to the charges. On state habeas review, defense counsel submitted an affidavit stating that he discussed with Petitioner the possibility of filing a motion to suppress and raising possible defenses, but that if Petitioner went to trial on the cases, they could be tried separately and the sentences could be stacked. (*Ex parte Emmett*, No. 70,947-05 at 83.) Defense counsel also stated that, given the evidence, he believed it was "highly unlikely" that a motion to suppress would have been granted. (*Id*. at 81.)

Defense counsel stated Petitioner decided not to go to trial, but to enter guilty pleas to all charges. (*Id*.) In support of his claim that Petitioner instructed him to pursue an open plea, defense counsel submitted a letter that Petitioner wrote to him which stated Petitioner did not "believe any DA is gonna let me walk on rehab. This is most likely something we will have to open plea. Please talk to whomever we need to talk to get this thing rolling." (*Id*. at 97.) The state court found defense counsel credible and denied these claims. Petitioner has failed to show the state court's decision was unreasonable.

**(C)    Psychiatric Report**

Petitioner claims his counsel was ineffective because he admitted Dr. Crayton's psychiatric report into evidence. Petitioner argues the report erroneously states he was treated at seventeen different drug treatment facilities and that he had always been forced into treatment.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

On state habeas review, defense counsel submitted an affidavit stating that he discussed Dr. Crayton's report with Petitioner and Petitioner did not inform him that there were any inaccuracies in the report. (*Id*. at 84.) Defense counsel stated he introduced the report to show that Petitioner had a history of mental illness and needed treatment. (*Id*. at 85.) Defense counsel stated Petitioner instructed him to introduce the report for this purpose. (*Id*.) The state court found defense counsel credible and denied relief. Petitioner has failed to show that the state court's decision to deny this claim was unreasonable.

**(D)** **Probation/Drug Treatment**

Petitioner argues his counsel was ineffective because he did not attempt to persuade the judge to sentence Petitioner to probation and drug treatment, but instead conceded that some time in the penitentiary was appropriate.

Defense counsel filed an affidavit on state habeas review responding to Petitioner's claims. Defense counsel stated;

> [Petitioner] was also aware that I intended to ask for minimum penitentiary time followed by rehabilitation. He was entitled to his back time which was over one year. I discussed the fact with [Petitioner] that if he were sentenced to a 6 to 8 year term on the less severe cases and received deferred probation on the aggravated case he would very possibly be eligible for parole almost immediately. Furthermore I informed him that if he was granted parole on the lesser charge he could be placed on probation on the aggravated charge with a condition that he attend a substance abuse treatment facility. However, I never told [Petitioner] that no risk existed in any scenario. To the contrary, I told [Petitioner] that he was in a very precarious position and informed him that I believed taking the State's original offer of twenty-five (25) years would be the safest route.

(*Id*. at 86.)

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Petitioner's claim of ineffective assistance of counsel should be denied.

**5.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 7th day of April, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).