IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:08-cv-02219-B |
| | § | |
| RICK THALER, DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Barry Emmett, a Texas prisoner, has filed a *pro se* motion for leave to file a Rule 60(b) motion (ECF No. 106) in this closed habeas corpus case. The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DENY the motion.

I.

Emmett filed this § 2254 habeas action on December 15, 2008. (ECF No. 1.)[1] On April 7, 2011, the United States magistrate judge issued findings, conclusions, and a recommendation that Emmett's petition be denied with prejudice for failure to make a substantial showing of the denial of a federal right. (ECF No. 68.) Emmett and Respondent both filed objections (ECF Nos. 69, 70), and on April 26, 2011, the District Court accepted the magistrate judge's findings

---

[1] Emmett was represented by retained counsel at the time the case was filed. His attorney was later allowed to withdraw.

1

and recommendation, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 72); J. (ECF No. 73). Thereafter, Emmett began an extended campaign seeking relief from the judgment.

First, Emmett filed a "Motion For leave to File 30 day extension [sic] to pay filing fee and amend complaint" (ECF No. 75), which the Court denied on May 26, 2011. (ECF No. 81.) Emmett then filed a notice of appeal to the Fifth Circuit Court of Appeals on May 20, 2011. (ECF No. 78.) One week later, the Court received Emmett's "Motion For Leave to File Rule 60(b) new evidence" (ECF No. 83). The Court denied this Rule 60(b) motion on May 31, 2011 (ECF No. 84). On June 9, 2011, the Court received Emmett's second "MOTION FOR RULE 60(B) #3 & #6" (ECF No. 87), which it denied on June 29, 2011 (ECF No. 89). The Court received Emmett's third "Motion For leave to File Rule 60 consideration under new evidence and any other justifiable reason" (ECF No. 88) on June 24, 2011. The Court denied this motion on October 5, 2011 (ECF No. 97). Then, on July 19, 2011, the Court received "Petitioner's Motion For Leave to File For a Certificate of Appealability" (ECF No. 93). The Court noted that Emmett was previously denied a certificate of appealability, and it denied his motion. Ord. (ECF No. 98). Thereafter, on January 9, 2012, the Fifth Circuit Court of Appeals denied Emmett's motion for a certificate of appealability to appeal this Court's denial of his § 2254 petition. Ord. (ECF No. 101). At the same time, the Fifth Circuit also denied his petition for writ of mandamus. *Id.*

On January 25, 2021, this Court received the pending Rule 60(b) motion. Mot. (ECF No. 106). Emmett's motion consists of two typed pages and 466 pages of exhibits. *Id.* As discussed below, Emmett's Rule 60(b) motion sets forth numerous seemingly unrelated concepts, and it is generally nonsensical.

II.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Emmett's motion was received in this Court on January 25, 2021, more than twenty-eight days after entry of the judgment on April 26, 2011. His motion will therefore be treated as filed under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

As an initial matter, Emmett's Rule 60(b) motion should be denied as untimely. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay.[2] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v.*

---

[2] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

4

*Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

The Court entered its judgment in this case on April 26, 2011. (ECF No. 73.) Emmett filed his most recent Rule 60(b) motion *almost ten years later*—on January 17, 2021.[3] The Court must give Emmett's *pro se* motion a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). With a liberal construction, Emmett's motion appears to raise the following claims: (1) he was mentally incompetent to fire his attorneys; and (2) he was mentally incompetent to appeal, which is evidenced by the fact he appealed to one single justice. Mot. 1 (ECF No. 106). Although Emmett does not elaborate on

---

[3] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Emmett's Rule 60(b) motion is signed and dated January 17, 2021. Mot. 7 (ECF No. 106). The Court presumes it was delivered to prison authorities on that date.

either of these claims, there is also no indication they were not known to him on April 26, 2011, when the Court entered the judgment.

Even if Emmett's motion were timely filed, it should still be denied on the merits because Emmett has not shown any mistake in the judgment. The arguments in Emmett's motion are difficult to discern. Many of the pages of his exhibits in support are blurred and hard to decipher, and it is difficult to determine precisely what words are being used. In what appears to be the conclusion of his motion, Emmett requests "this court to reinstate [his] habeas corpus and consider [the] proof [he] found with the old report as well." *Id.* 2. He claims to "qualify under state and federal law as a medical expert under [the] DAUBERT KELLY DOCTRINE[.]" *Id.* 1. Emmett further claims that although he lacks the "extern[ship]" for a naturopathic doctor or a doctorate in health science, his thesis was just completed. *Id.* Moreover, although Emmett makes no explicit argument in support, he seems to suggest that he has "new evudence" that warrants relief from the judgment. *Id.* Emmett claims that a hair test he conducted revealed that there was "chemical reasoning for being incompetent under federal law." *Id.* Emmett also claims that he qualifies as a medical expert. *Id.* He argues that he got the following rule from U.S. District Judge Reed O'Connor's court in the Wichita Falls Division of the Northern District of Texas: "[W]hen in doubt, we rule in favor of the petitioner." *Id.* 2 (brackets in original). These various, seemingly unrelated thoughts do not constitute a cogent argument in support of Emmett's Rule 60(b) motion. They do not show any mistake in the judgment.

Other claims in Emmett's motion suggest he intends to file a civil rights action under 42 U.S.C. § 1983. Specifically, Emmett claims that he needs surgeries for the following medical conditions: (1) retinal detachment, (2) cataracts, (3) hernia, and (4) thyroid cancer. Mot. 2 (ECF No. 106). According to Emmett, he will not get the surgeries he needs in prison. *Id.* He claims that the medical personnel in prison have refused to address his medical conditions in any manner for five years. *Id.* Emmett also alleges that recently the prison medical personnel have acted illegally by reducing his thyroid medication, and this action was done without proper testing or a medical visit. *Id.* He argues "that 'life' is a liberty interest." *Id.* Emmett claims that he conducted a "hair test in 2014" because he was tired of the slimy water and the psychological effects caused by bathing in prison at both the Coffield and Estelle Units. *Id.* 1. Emmett learned that the water issues at the prison were damaging his lymphatic system and "locking up" his thyroid. *Id.* He claims that the testing he conducted proved that there is a chemical reason for incompetence under federal law. *Id.* He further claims that he "went on to study all aspects of toxicology and water supplies, and found that both coffiled [sic] and estelle units use enormous amounts of lithium [which] indeed destroys ones [sic] ability for cognition[.]" *Id.* Emmett mentions another test he supposedly conducted where he found massive levels of arsenic, and he "drafted [a] civil claim." *Id.* However, the response he received was that he did not demonstrate that the levels of arsenic he discovered were deadly. *Id.*

"[N]either habeas nor civil rights relief can be had absent the allegation by a

7

plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). However, challenges to conditions of confinement are properly construed as civil rights challenges under 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)); *see also Orellano v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana*, 65 F.3d at 31. Here, Emmett's civil rights claims will be severed from his § 2254 habeas action.

## Conclusion

The Court recommends the District Court DENY Emmett's Rule 60(b) motion (ECF No. 106).

Additionally, the Court SEVERS Emmett's civil claims from this habeas action filed under § 2254 and directs the Clerk of Court to open a new civil rights case pursuant to 42 U.S.C. § 1983 (nature of suit 550), for the now-severed claims and file a copy of this order in that case. ECF No. 106 should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

Signed March 5, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).